IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN STACHURSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 3:13-cv-00252 |
| v. | ) |
| | ) |
| COMPUPAY, INC. | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed that discovery in the above-captioned matter shall be subject to the following restrictions:

Plaintiff Brian Stachurski (hereinafter "Plaintiff") and Defendant CompuPay, Inc. (hereinafter "Defendant") (Plaintiff and Defendant collectively referred to herein as the "Parties") may produce copies of certain documents that the Parties wish to keep confidential. Therefore, the Parties desire the entry of this Agreed Protective Order.

WHEREFORE, to assure that the confidential status of certain information sought to be discovered in this lawsuit is not inadvertently harmed; to facilitate the discovery and exchange of information between the parties and all individuals, including non-parties, from whom discovery is sought; and to ensure that the confidentiality of information identified as such by the deponent and/or the owner of such information is maintained, the Court hereby ORDERS as follows:

1. **"CONFIDENTIAL" Information.** Information, documents, and materials that any party (a) produces in discovery in this matter and (b) designates or identifies as confidential

according to the terms of this Order shall be labeled "CONFIDENTIAL." Information and documents that a party may designate as "CONFIDENTIAL" include, without limitation, documents, electronic data, deposition or other testimony, responses to interrogatories, and other writings and information derived therefrom, that the party has a good-faith belief should be protected because they contain confidential or proprietary information belonging to that party or a third party, or because they contain sensitive business, governmental, or personal information about that party or a third party, which, if disclosed to another party, might subject the disclosing party to a competitive disadvantage, or cause other demonstrable harm to the disclosing party.

**2.  Restrictions.**

A.  <u>Qualified Persons</u>.  The information and documents designated as "CONFIDENTIAL" pursuant to this Order shall not be used or disclosed in any manner that is contrary to the terms of this Order. Information and documents designated "CONFIDENTIAL" may be disclosed only to the persons authorized by this Paragraph ("Qualified Persons"), as necessary for the pursuit of a claim or defense in this lawsuit:

    (a) Brian Stachurski on behalf of Plaintiff and Defendant's management level employees on behalf of Defendant;

    (b) counsel to the Parties, including in-house counsel, and, where applicable, counsel to non-parties from whom such materials are discovered, as well as persons regularly employed in the office of such counsel, including but not limited to hired law clerks, paralegals, and secretaries;

    (c) outside experts or outside professional advisors retained by any of the Parties to assist in the prosecution or defense of this litigation, and persons regularly employed in the offices of such experts or advisors subject to Section 3 below;

    (d) the Court, its personnel and employees, court reporters who transcribe testimony in this case, and any videographers who record deposition testimony in this case;

(e) witnesses who are employees or former employees of Defendant identified in the Parties' respective Rule 26 Disclosures or discovery responses for use at deposition, trial or other evidentiary hearing or similar proceedings and in preparation for these matters;

(f) third parties specifically retained to assist the Parties and Counsel in copying, imaging, coding of documents, or other litigation-support services

(g) any person(s) shown on the face of a document to be its author or recipient;

(h) any person(s) shown on the face of a document to have prior knowledge of the "CONFIDENTIAL" information contained therein;

(i) any mediator or other alternative dispute resolution provider;

(j) such additional persons as expressly agreed to by the Parties in writing.

B. <u>Filing of "CONFIDENTIAL" Information</u>. If any party wishes to file the substance of any "CONFIDENTIAL" information or documents in Court, the Parties shall proceed as follows:

- A party that seeks to file its own "CONFIDENTIAL" information or documents shall file a motion to seal that sets forth the reasons why good cause exists to file the materials under seal pursuant to Federal Rule of Civil Procedure 26(c) and any other applicable law. If the Court denies the motion to seal, the party may, at its election, either withdraw the proposed materials from its filing or file the materials without being sealed.

- A party that seeks to file information or documents that another party has designated as "CONFIDENTIAL" shall file a motion to seal the material, but that motion need only identify the party that made the designation under this Agreed Protective Order, and it shall then be the designating party's burden to

**AGREED PROTECTIVE ORDER – Page 3**

demonstrate why good cause exists to file the materials under seal pursuant to Federal Rule of Civil Procedure 26(c) and any other applicable law. The designating party shall have seven (7) days from the date of filing of the motion to seal to submit a brief demonstrating good cause for sealing the "CONFIDENTIAL" materials. If the Court denies the motion to seal, the materials will be deemed filed as of the date of filing of the motion to seal.

If the Court orders the proffered materials to be filed under seal, they shall be deemed filed as of the date of filing of the motion to seal

Notwithstanding the foregoing, in any dispute before the Court regarding whether a "CONFIDENTIAL" designation is appropriate, the party challenging the designation may describe the document or information to the Court in such a way as to not reveal that information which arguably makes it "CONFIDENTIAL" Information (e.g., the challenging party may refer to "pricing information," without actually revealing the prices in question). If such a dispute arises for the first time during any courtroom hearing or during the trial of the case, the party challenging the designation may provide a copy of such document or information for the Court's *in camera* review. No party, or attorney or agent of any party, shall disclose the content of such document or information at any hearing or trial (except as otherwise expressly authorized herein), without first obtaining a ruling from the Court permitting such disclosure.

C. Use of "CONFIDENTIAL" Information. Except as provided herein or otherwise ordered by a court of competent jurisdiction, all "CONFIDENTIAL" information in this lawsuit shall be used only for the purposes of preparing for and conducting this lawsuit (including appeals) and not for any business or other purpose. Nothing in this order shall restrict a designating party's use or disclosure of its own information or documents.

**AGREED PROTECTIVE ORDER – Page 4**

D. <u>Information Not Subject to Designation</u>. Nothing will be protected as "CONFIDENTIAL" if it consists of: (i) information in the public domain at the time of the disclosure; (ii) information that subsequently becomes part of the public domain through no fault of the receiving party; (iii) information or documents already lawfully in the possession of the receiving Party at the time of disclosure; or (iv) material subsequently obtained by the receiving party from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

E. <u>Trial</u>. Upon trial of the case (including any evidentiary hearings that may be held on any request for preliminary or interim relief), the Parties may seek to admit any "CONFIDENTIAL" information or materials under the ordinary rules of procedure and evidence. If the party producing or owning the "CONFIDENTIAL" information or documents wishes to seek protection from the disclosure of such information or materials, it shall be that party's burden to seek appropriate relief from the Court.

3. In the event that any of the Parties believes that additional restrictions are necessary for the protection of any of its documents or other information in this lawsuit, that party may move the Court for such additional protection as may be appropriate. The Parties may also, by written stipulation, agree to additional restrictions for specific information or materials, and such additional restrictions shall be deemed as part of this Agreed Protective Order after such stipulation is filed with the Court.

4. **Disclosure to Third Parties.** Prior to any CONFIDENTIAL information or documents being provided to any third-party Qualified Person under Section 2A(c), (e) or (f), the disclosing counsel shall furnish a copy of this Order to such third-party Qualified Person and

obtain the person's written agreement to be bound by the terms of this Order. This requirement will be satisfied by obtaining the Qualified Person's signature on a copy of the acknowledgement attached hereto as <u>Exhibit A</u> and incorporated herein by reference. These executed acknowledgements shall be maintained by counsel for the receiving party and shall be available for inspection by all other counsel of record.

5. **Deposition Procedures.** The Parties may designate information or exhibits that a witness or counsel reveals or refers to in the course of a deposition as "CONFIDENTIAL" by noting a claim of confidentiality pursuant to this Order on the record at the time. Alternatively, the Parties may designate, by mutual agreement, an entire deposition or deposition transcript and any exhibit thereto "CONFIDENTIAL" To the extent possible, the Parties will try to anticipate testimony on items of this nature and will not have persons who are not Qualified Persons in the room at the time, and/or will ask all persons in attendance at the deposition who are not Qualified Persons to leave the room or area of deposition until such testimony, discussion, or review of the confidential information is completed. Moreover, any party may designate any portion of the deposition transcript as "CONFIDENTIAL" at any time within fourteen (14) days after the party receives the witness's transcript by making such designation in writing to the court reporter and the other Parties. The court reporter shall thereafter mark the face of each page containing testimony that has been designated as confidential with a mark or stamp stating, as appropriate, "CONFIDENTIAL." Whenever any "CONFIDENTIAL" document is identified or marked as an exhibit in connection with deposition testimony given in these proceedings, it shall be kept separate from the other exhibits and placed in an envelope labeled "CONFIDENTIAL." Once the written transcript is marked and prepared in the foregoing manner, the videographer shall label the exterior of any disc or tape which includes confidential information as

**AGREED PROTECTIVE ORDER – Page 6**

"CONFIDENTIAL INFORMATION — SUBJECT TO AGREED PROTECTIVE ORDER."

6. **Challenge to Designation.** A party shall not be obligated to challenge the propriety of a designation as CONFIDENTIAL at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any time during these proceedings with the designation by the designating party as CONFIDENTIAL, those Parties shall first try to resolve such dispute in good faith on an informal basis (e.g., by production of redacted copies of the documents in question). If the dispute cannot be resolved, the objecting party may move the Court for an order regarding the status of such information. In any dispute in Court, the party making the designation shall have the burden to prove that the designation is warranted.

7. **Preservation of Rights.** This Order is designed to facilitate the voluntary disclosure of information and documents. Nothing herein shall be construed as an admission by any party. This Order will not affect any party's right to apply to the Court for an Order imposing greater or lesser restrictions on specified documents or information. Nothing contained in this Order shall prohibit any party from using its own confidential information in any manner that that party sees fit, or from revealing such "CONFIDENTIAL" information to whomever that party pleases, without prior consent from any other party or from the Court.

8. **Subpoena of "CONFIDENTIAL" Information by Other Courts or Agencies.** If a party that has received "CONFIDENTIAL" Information under this Protective Order receives a request for discovery, subpoena, or other lawful process that purports to call for the production of such "CONFIDENTIAL" information, that party shall promptly (a) notify the person or entity seeking the information that the dissemination of the information or documents sought has been

restricted by this Order, and (b) unless prohibited by applicable law, notify in writing counsel for the producing party, advising counsel of the information requested and the deadline for providing it, so that the producing party may take whatever steps it deems appropriate to maintain the confidentiality of the requested information. Nothing in this Order shall relieve a receiving party's obligation to respond to any such request for discovery, subpoena, or other lawful process.

9. **Return of "CONFIDENTIAL" Information.** At the conclusion of this litigation, which includes the exhaustion of all appeals, all persons who have received information and documents containing any information designated as "CONFIDENTIAL" will, upon a written request from the disclosing party's counsel, destroy or return such documents to the disclosing party's counsel within thirty (30) days.

10. **Protection of Confidential Information Belonging To Non-Parties.** Any non-party who possesses an ownership interest in any "CONFIDENTIAL" Information, as defined in Paragraph 1 above, sought to be discovered in the above-styled matter shall be entitled to all of the protections afforded herein to the Parties to this action, and shall have the authority under this Order to designate any information belonging to it as set forth in this Order.

11. **Exclusion of Confidential Information between Parties and Non-Parties.** The Parties acknowledge that confidentiality agreements may exist with a third party. Any party withholding documents based on a confidentiality agreement with a third party will, upon request, produce a copy of the confidentiality agreement to the opposing party/parties along with a log describing the types of documents withheld under the confidentiality agreement. The Court retains authority to require any of the Parties to produce any documents withheld from discovery under a confidentiality agreement with a third party.

SIGNED this __5th__ day of __September__, 2013.

AGREED:

**GILBERT RUSSELL MCWHERTER PLC**

/s/ Michael L. Russell
Michael L. Russell
5409 Maryland Way, Suite 150
Brentwood, Tennessee 37027

_____
U.S. District Judge

/s/ Clinton H. Scott
Clinton H. Scott
101 North Highland
Jackson, Tennessee 38301

**ATTORNEYS FOR PLAINTIFF**

And

**HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.**

/s/ James T. Drakeley
James T. Drakeley
Texas State Bar No. 6111600
Craig A. Harris
Texas State Bar No. 09056750

15303 Dallas Parkway, Suite 700
Addison, Texas 75001
(972) 701-7000 (Telephone)

And

**WALLER LANSDEN DORTCH & DAVIS, LLP**

/s/ Andrew S. Naylor
Andrew S. Naylor (17128)

511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380 (Telephone)

**ATTORNEYS FOR DEFENDANT**

**AGREED PROTECTIVE ORDER – Page 9**

# EXHIBIT A

## ACKNOWLEDGEMENT

1. My name is _____.

2. I am aware that a Protective Order has been entered in Cause No. 3:13-cv-00252, styled *Brian Stachurski v. CompuPay, Inc.*, and a copy of the Protective Order has been given to me.

3. I promise that any documents, information, materials or testimony provided to me, which are protected under the Protective Order entered in this case and designated as Confidential Information pursuant to the Protective Orders, will be used by me only in connection with the above-captioned matter. I further promise that I will comply with the requirements of the Protective Order with respect to my use, including the possible filing, of Confidential Information covered thereby.

4. I promise that I will not disclose or discuss such protected materials with any person other than those individuals permitted by the Protective Order to review such materials.

_____
Name

_____
Date

Witness: _____

Date_____

**AGREED PROTECTIVE ORDER – Page 10**